UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------- X

**FELIX LYLE COWAN,**

Plaintiff,

– against –

**ELI LILLY** and **CHRISTOPHER A. SEEGER, SEEGER WEISS, LLP,**

Defendants.

--------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

26-CV-5090 (AMD) (TAM)

**ANN M. DONNELLY**, United States District Judge:

The plaintiff, a Texas resident proceeding *pro se*, filed this action in August 2026 against "In re (Zyprexa) Product Liability Litigation Eli Lilly et al," and attorney Christopher A. Seeger. (ECF No. 1. at 1–3.) The plaintiff alleges that "S.W.A.T." and one of his doctors at North Texas Hospital forced him to take Zyprexa. (*Id.* at 4–5.) As a result, he developed type two diabetes, had to have his foot amputated, and is now confined to a wheelchair. (*Id.* at 4.) According to the complaint, the *In re Zyprexa* "toxic tort" settlement was $197 billion, but Mr. Seeger "robbed" the plaintiff and told him he would only receive "$5000." (*Id.* at 5.) The plaintiff seeks the full $197 billion. (*Id.* at 6.)

Along with the complaint, the plaintiff filed an application to proceed *in forma pauperis* ("IFP") — to proceed without paying court filing fees due to financial need. (ECF No. 2.) In his application, he states that he receives income from the "USMC," which the Court assumes is the United States Marine Corps, and that his wages are "unlimited." (*Id.* at 1.) He also checked boxes indicating that in the past 12 months he has received pension, annuity, or life insurance payments; disability or worker's compensation benefits; and gifts or inheritances. (*Id.*) For the

reasons discussed below, the Court denies the plaintiff's request to proceed IFP but grants him leave to submit an amended Long Form IFP application or pay the filing fee 14 days from the date of entry of this Order.

**DISCUSSION**

Under 28 U.S.C. § 1915(a)(1), litigants who are unable to pay court filing fees may still file cases in federal court by petitioning the court to allow them to proceed IFP. As part of this petition, litigants must show their inability to pay by submitting affidavits stating their assets. 28 U.S.C. § 1915(a)(1). The Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [of litigation] and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (citation modified). Courts must dismiss an IFP case if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Determining whether an applicant qualifies for IFP status is within the discretion of the district court. *Vann v. Comm'r of N.Y. City Dep't of Correction*, 496 F. App'x 113, 116 (2d Cir. 2012) (summary order).

The plaintiff's IFP application does not provide sufficient information for the Court to conclude that he cannot pay the filing fee for this case. He states in his IFP application that he receives income from the United States Marine Corps; pension, annuity, or life insurance payments; disability or worker's compensation benefits; and gifts or inheritances (ECF No. 2 at 1), but he does not state the amounts of these payments. He also seems to suggest in his complaint that he may have received a monetary award from the *In re Zyprexa* settlement. (ECF No. 1 at 5.) Thus, the Court cannot determine from the plaintiff's application whether he qualifies to proceed IFP.

## CONCLUSION

The plaintiff's IFP application is denied without prejudice. The Court grants the plaintiff 14 days from the entry of this Order to file a Long Form IFP application that sufficiently explains his financial status or to pay the $405.00 filing fee.

The Clerk of Court is directed to mail a copy of this Order to the plaintiff, along with a Long Form IFP application.

The Court certifies that any appeal from this Order would not be in good faith and, therefore, IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
August 31, 2026